MEMORANDUM *
Richard Boyer and Stephen Smith appeal the district court’s denial of their motion to suppress evidence collected by the Government on July 19,1999 related to its investigation of their involvement in fraud, money laundering, and tax evasion, among other crimes. The Government cross-appeals Boyer’s sentence of 12 months and 1 day, which falls below the Guidelines range of 46-57 months. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I. Motion to Suppress
The district court did not err in denying the motion to suppress. The district court found that Victor Vilaplana, bankruptcy trustee for Basic Research Corporation, “maintained control and custody over all the documents in the office,” — including attorney-client privileged documents — with the exception of Smith Technology Development, LLC’s (“STD”) documents and Boyer’s personal documents. The district court also found that Boyer was given an opportunity to segregate STD documents. Finally, the district court found that Boyer had “fail[ed] to establish that any personal records were produced,” and that, in any event, “[ujndisputed evidence reveals that the offices occupied by Mr. Boyer were under the custody and control of the bank *656 ruptcy trustee.” These finding are not clearly erroneous. The district court correctly concluded that no documents outside the scope of the subpoena were produced. See United States v. Fernandez-Castillo, 324 F.3d 1114, 1117 (9th Cir.2003) (“We review de novo the district court’s denial of a motion to suppress evidence,” but “[f]actual findings of the district court are reviewed for clear error.”). Therefore, the Fourth Amendment was not violated.
II. Boyer’s Sentence
The district court correctly calculated the Guidelines sentence. It then exercised its discretion to sentence Boyer to 12 months and 1 day, a sentence that falls well below the Guidelines range of 46-57 months. The district court based its sentencing decision on numerous factors, including Boyer’s lifetime of commitment to the underprivileged, that co-defendant Smith received a sentence of 37 months, Boyer’s belief that the inventions underlying the fraud scheme ultimately would be successful, and Boyer’s intent to use his profits from the scheme toward philanthropic ends. In light of the district court’s consideration of these factors, as well as the Government’s concession at oral argument that “the wind [has been] taken somewhat out of [its] sails” by Gall v. United States, — U.S.-, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the district court’s discretionary decision to sentence Boyer to 12 months and 1 day was reasonable. See id. at 594-95 (“In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation irom the Guidelines. We reject, however, an appellate rule that requires ‘extraordinary’ circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.”); United States v. Mohamed, 459 F.3d 979, 985 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.